IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jackie D. Adeniyi, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 10386 |
| Blatt, Hasenmiller, Leibsker & Moore, LLC, an Illinois limited liability company, | ) ) ) ) | |
| Defendant. | ) ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Jackie D. Adeniyi, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) the Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Jackie D. Adeniyi ("Adeniyi"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that she owed for a Capital One Bank credit card.

4. Defendant, Blatt, Hasenmiller, Leibsker, & Moore LLC. ("Blatt"), is an Illinois limited liability company, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Blatt was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Blatt is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, the Defendant conducts business in Illinois.

## FACTUAL ALLEGATIONS

6. In 2006, Ms. Adeniyi fell behind on some of her bills, due to sporadic employment while supporting her daughter as a widowed, single mother. This included a Capital One credit card.

7. Accordingly, on October 16, 2006, Defendant filed a lawsuit on behalf of Capital One Bank against Ms. Adeniyi in a matter styled Capital One Bank v. Jackie D. Adeniyi, No. 06 M1 179998 (Circuit Court of Cook County, Illinois)(the "State Court Lawsuit").

8. On November 30, 2006, an agreed judgment was entered in the State Court Lawsuit in favor of Capital One Bank. Although Ms. Adeniyi's income consisted solely of exempt Social Security death benefits at the time, an attorney from Blatt persuaded her to agree to make monthly payments of $40.00, beginning December 30, 2006; this payment plan was incorporated into the order. A copy of the Agreed Order is

attached as Exhibit B.

9. Ms. Adeniyi was unable to afford the payment plan and did not make the monthly payments. Accordingly, on August 13, 2009, Defendant filed a Citation to Discover Assets on Ms. Adeniyi's bank (the "First Citation"). Shortly thereafter, Ms. Adeniyi became aware that her bank accounts were frozen, including electronic deposits for her unemployment benefits, her daughter's Social Security death benefits, and her mother's exempt funds. A copy of the Citation to Discover Assets to a Third Party is attached as Exhibit C.

10. On September 3, 2009, Ms. Adeniyi's bank filed a response to the First Citation, showing that all assets in the account were exempt benefits, specifically, unemployment benefits and Social Security death benefits, as well as exempt funds belonging to her mother. A copy of the bank's Answer to the First Citation is attached as Exhibit D.

11. Also on September 3, 2009, Ms. Adeniyi appeared in court regarding the First Citation to claim the exemption for her unemployment benefits, her daughter's Social Security benefits, and her mother's savings. The First Citation was dismissed. A copy of the Order dismissing the First Citation on Ms. Adeniyi's bank is attached at Exhibit E.

12. On June 28, 2012, without leave of court, Defendant filed an additional Citation to Discover Assets on Ms. Adeniyi's bank (the "Second Citation"), which caused her bank accounts to be frozen again. A copy of the Second Citation is attached as Exhibit F.

13. On August 2, 2012, Ms. Adeniyi appeared in court for a second time. Outside of the courtroom, Ms. Adeniyi asked an attorney for Blatt how frequently Defendant could issue citations on her bank account regarding this same debt, causing her to be unable to access her exempt funds. The attorney from Blatt responded that they "could do this every year." Ms. Adeniyi was allowed to claim the exemptions on her accounts again and the Second Citation was dismissed. A copy of this order is attached as Exhibit G.

14. Illinois Supreme Court Rule 277(a) mandates that additional supplementary proceedings with respect to the same judgment against the same party be undertaken only with leave of court, based on an affidavit of the judgment creditor or some other person with personal knowledge of the facts:

> "(1) that there is reason to believe the party against whom the proceeding is sought to be commenced has property or income the creditor is entitled to reach, or, if a third party, is indebted to the judgment debtor, (2) that the existence of the property, income or indebtedness was not known to the judgment creditor during the pendency of any prior supplementary proceeding, and (3) that the additional supplementary proceeding is sought in good faith to discover assets and not to harass the judgment debtor or third party." Ill. Sup. Ct. R. 277(a)

Defendant never obtained leave of court to conduct the Second Citation on Ms. Adeniyi.

15. Ms. Adeniyi incurred additional expenses as a result of the improper Second Citation. This included a $125 fee for the Second Citation charged by her bank, $10.00 for gas, and $19 for parking to attend court.

16. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendant Blatt's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### False Statements

18. Plaintiff adopts and realleges the allegations contained in ¶¶ 1-17.

19. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), and taking any action that cannot legally be taken, see, 15 U.S.C. § 1692e(5).

20. Defendant violated § 1692e of the FDCPA by taking an action which it could not legally take, i.e., by improperly conducting the Second Citation without leave of court.

21. Additionally, Defendant violated § 1692e of the FDCPA by falsely, stating that Defendant had the right to issue citations on her bank each year, repeatedly, without leave of court and without good faith, personal knowledge that Ms. Adeniyi had income or property that it was entitled to reach.

22. Defendant Blatt's violations of § 1692e(2)(A) and (5) of the FDCPA render it liable for statutory and actual damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

23. Plaintiff adopts and realleges ¶¶ 1-17.

24. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. Defendants' violations of § 1692f of the FDCPA include, but are not limited to:

    a. engaging in additional supplemental proceedings without having good cause or seeking leave of court

    b. telling Ms. Adeniyi that Defendant Blatt could continue to issue citations on her bank, causing Ms. Adeniyi to incur fees and to have her accounts frozen, on a yearly basis without leave of court and without good faith, personal knowledge that Ms. Adeniyi had income or property that the creditor is entitled to reach.

25. Defendant Blatt's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Jackie D. Adeniyi, pray that this Court:

1. Find that Defendant Blatt's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Adeniyi, and against Defendant Blatt, for statutory and actual damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jackie Adeniyi, demands trial by jury.

Jackie Adeniyi<br>
By: /s/ David J. Philipps<br>
One of Plaintiff's Attorneys

Dated: December 28, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com